UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14342-CIV-CANNON/Maynard

**SECURITIES AND EXCHANGE COMMISION**,

    Plaintiff,
v.

**THOMAS GITY, SR., THOMAS GITY, JR., and
TREASURE COAST PROPERTY ENTERPRISES, LLC**.,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR FINAL JUDGMENT
AS TO DEFENDANT THOMAS GITY, SR.**

This cause comes before the Court upon the Agreed Motion by Plaintiff Securities and Exchange Commission's ("Commission") Motion for Entry of Consent Final Judgment ("Motion") against Defendant Thomas Gity, Sr. ("Defendant" or "Gity") [ECF No. 47]. Upon review of the Motion, the record and being otherwise advised in the premises, the Court hereby **GRANTS** Plaintiff's Motion for Entry of Consent Final Judgment against Defendant Thomas Gity, Sr. [ECF No. 47].

Counsel entered a Notice of Appearance on behalf of Defendant [ECF No. 48] on June 14, 2021. Defendant consented to the Court's jurisdiction over this matter, as well as to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII), and has waived findings of fact and conclusion of law, and waived any right to appeal from this Final Judgment.

CASE NO. 20-14342-CIV-CANNON/Maynard

**I.**

**Section 17(a) of the Securities Act of 1933 ("Securities Act")**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendant's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers,

CASE NO. 20-14342-CIV-CANNON/Maynard

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5(a)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security,

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendant's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

3

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### Participation in Securities Offerings

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from directly or indirectly participating in any offering of securities, including any digital asset security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

### Real Property

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, and his agents, servants, employees, attorneys, and assigns: (i) shall disgorge all investor assets in his possession, custody, or control, consisting of certain real property located at 1250 SE Coral Reef Street, Port St. Lucie, Florida, and more particularly described with legal description Port St. Lucie-Section 03 – BLK 432 Lots 40 and 41 (MAP 34/34N) (OR 4243-1638) (hereinafter "the 1250 Coral Reef Street Property") with such disgorgement to take effect immediately upon the entry of this Final Judgment; (ii) are hereby restrained and

CASE NO. 20-14342-CIV-CANNON/Maynard

enjoined from interfering in any way with the 1250 Coral Reef Street Property or with the efforts made by any Liquidation Agent to be appointed by this Court over the same; (iii) shall fully and promptly cooperate with all requests from said Liquidation Agent within the scope of its appointment; and (iv) shall not receive any proceeds or benefits, directly or indirectly, from the sale of the 1250 Coral Reef Street Property.

## V.

## Disgorgement, Prejudgment Interest and Civil Penalty

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $4,676,716.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $241,647.52, and a civil penalty in the amount of $192,768.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $5,111,131.52 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

5

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Gity's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for

all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

## Consent

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

## Bankruptcy Non Dischargeability

CASE NO. 20-14342-CIV-CANNON/Maynard

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

### Retention of Jurisdiction

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

### Rule 54(b) Certification

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Court shall enter a separate Final Judgment Order as to Defendant Thomas Gity Sr. forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 21st day of June 2021.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record