UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14342-CIV-CANNON/Maynard

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,

v.

**THOMAS GITY, SR., THOMAS GITY, JR., and
TREASURE COAST PROPERTY ENTERPRISES, LLC**.,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR FINAL JUDGMENT [ECF No. 115],
ENTERING FINAL JUDGMENT AGAINST THOMAS J. GITY, JR. AND TREASURE
COAST PROPERTY ENTERPRISES, LLC, AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Plaintiff's Unopposed Motion to Enter Final Judgment by Consent Against Thomas J. Gity, Jr. and Treasure Coast Property Enterprises, LLC (collectively the "Relief Defendants") [ECF No. 115]. The Court has reviewed the Motion, the record, and is otherwise fully advised in the premises. Upon review, Plaintiff's Motion [ECF No. 115] is **GRANTED**.

The Relief Defendants entered a general appearance in this action; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

CASE NO. 20-14342-CIV-CANNON/Maynard

# I.

# **DISGORGEMENT**

**IT IS ORDERED AND ADJUDGED** that Relief Defendants are liable, jointly and severally, for disgorgement of $1,321,762.01. Relief Defendants shall satisfy this obligation by paying $1,321,762.01 to the Commission within 60 days after entry of this Final Judgment. All funds paid pursuant to paragraphs II and III shall be credited against this obligation.

Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Treasure Coast and Gity Jr. as Relief Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Relief Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving

2

CASE NO. 20-14342-CIV-CANNON/Maynard

for civil contempt at any time after 60 days following entry of this Final Judgment. Relief Defendants shall pay post judgment interest on any amounts due after 60 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## II.

### PAYMENT OF SALES PROCEEDS

**IT IS FURTHER ORDERED AND ADJUDGED** that the closing of the sale of properties to True North Advisors, LLC ("True North") on terms consistent with the contract of sale between True North and Relief Defendants dated March 1, 2022, shall occur within fourteen (14) days of the date of this judgment. The net sales proceeds shall be held in escrow by the McIntyre Thanasides law firm, which within seven (7) days of the closing shall transfer to the Commission the entire balance of the funds being held in escrow. McIntyre Thanasides may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. McIntyre Thanasides also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment. McIntyre Thanasides shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

CASE NO. 20-14342-CIV-CANNON/Maynard

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that the Asset Freeze this Court previously entered against Relief Defendants [ECF No. 6, as modified by ECF Nos. 17 and 108] is modified as follows: Notwithstanding the Asset Freeze, Relief Defendants may obtain a loan from True North secured by the premises 393 S.W. Kestor Drive, Port St. Lucie, Florida 34953, provided that the loan proceeds up to $389,044.50 shall be paid directly to the Commission. Within fourteen (14) days of the date of this judgment, True North shall fund the loan on terms consistent with the commitment True North issued to Gity Jr. dated March 1, 2022. The attorney or other agent closing the loan may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm

The closing agent or attorney also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment. The closing attorney or agent shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

**IT IS FURTHER ORDERED AND ADJUDGED** that, upon Relief Defendants' payment of the $1,321,762.01 referred to in paragraph I, the Asset Freeze this Court previously entered against Relief Defendants shall be lifted and extinguished in its entirety.

## IV.

## DISTRIBUTION OF FUNDS

The Commission shall hold the funds (collectively, the "Fund") paid pursuant to this judgment and the judgment previously entered against Thomas Gity, Sr. ("Gity Sr.") [ECF Nos. 51, 90] until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

Furthermore, the Court finds:

a.  The sales and mortgage loans described in Paragraphs II and III of this judgment are in the best interest of investors.

b.  True North has been established by investors—Bitcoin Investors FL, LLC, V & S Holdings Group, LLC, Chessler Holdings, LLC, C & S Holdings, LLC, CM Rubino Enterprises LLC, and Craig Rubino (the "Investors")—who collectively claim to have suffered the majority of the losses from Gity Sr.'s scheme to defraud. Investors are the sole members of True North.

c.  True North is obtaining financing from a lender to fund the sales and mortgage loan transactions. The lender is obtaining a security interest in True North's assets and, as a condition of making the loan, is requiring that, to the extent that one or more of the Investors is determined eligible for a distribution from the Fund pursuant to a Court-approved distribution plan, the distribution(s) will be made directly to True North rather than the Investor individually.

CASE NO. 20-14342-CIV-CANNON/Maynard

      d.      The Investors each have consented to an order requiring that any distribution payment directed to them from the Fund shall be paid to True North.

      e.      True North and the Investors have acknowledged that the Commission may propose and/or the Court may approve a distribution plan under which none of the Investors may be eligible for a distribution from the Fund.

Based on these findings, the Court **FURTHER ORDERS** that if the Court approves a distribution plan under which one or more of the Investors is determined to be eligible for a distribution payment, such payment(s) shall be made directly to True North.

## V.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Gity Jr., and further, any debt for disgorgement, prejudgment interest, or other amounts due by Gity Jr. under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Gity Sr. of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

CASE NO. 20-14342-CIV-CANNON/Maynard

## VII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

### CLOSING CASE

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court shall **CLOSE** this case. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of April 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record